Appellants, Theodore J. Bauman and Nathan Greenberg, brought suit against Appellees, the Hayeses, alleging the latter had breached their fiduciary duty as corporate directors by refusing to convey land to the corporation created by Appellants and Appellees for the purpose of land development.
The Hayeses are owners of the real estate which is the subject of this action. In 1971, they signed an "Incorporation and Sales Agreement" with Appellants (Bauman and Greenberg), the purpose of which was to create a corporation to develop the Hayeses' property in several stages. Bauman and Greenberg were to provide the expertise and the Hayeses, the land. The *Page 1253 
agreement provided that demand for additional land for development would have to be made by a majority vote of the corporation's directors who were equally divided between the two factions. In 1975, the Bauman and Greenberg faction demanded additional land for development and the Hayes faction refused.
The trial Court, awarding judgment to the Hayes faction, made the following findings, which we summarize: That, in accord with the intentions of the parties, the capital stock of the corporation was equally divided between Appellants and Appellees, as were the votes of the board; that all corporate decisions were to be determined by a majority vote of the board; that there had never been a majority vote of the board seeking conveyance and development of the land in dispute; and that this deadlock was purposefully created by the parties so as to require mutual consent of all the parties before proceeding to develop the disputed real estate. We agree and affirm.
Bauman and Greenberg contend that the Hayeses, as directors and stockholders of the corporation, were in a fiduciary relationship with the corporation and that their refusal to vote to convey additional land for development to the corporation constituted a deliberate "balking of a corporate purpose" in order to secure personal advantage. See Morad v.Coupounas, 361 So.2d 6 (Ala. 1978). Appellants also allege that the Hayeses breached their contractual obligation to act in good faith. We opine that these contentions are based upon a misconstruction of the true purpose of the corporation. As found by the trial Court, the parties here established the corporation for the limited purpose of developing the Hayeses' land, with the use of Appellants' expertise, only so long as both factions mutually agreed to its development by the corporation.
Appellants assume that, because the Hayeses' refusal to convey additional land deprived the corporation of additional profits, the Hayeses necessarily acted contrary to the purpose of the corporation. A corporation may be established for any purpose, broad or limited, that is not itself contrary to law. The "Incorporation and Sales Agreement," signed in 1971, set a price of $15,000 an acre for the land to be conveyed to the corporation. In sum, the trial Court concluded that because the land was to be conveyed and developed in stages over a period not exceeding five years, the Hayeses intentionally acted to protect themselves against conveyance to the corporation at a deflated price in the event their land increased in value over the five-year period for development.
According to the evidence, the Hayeses first considered inclusion of an escalation clause in the agreement. Later, however, they chose to protect themselves against further conveyances contrary to their interests by inserting into the corporation's by-laws the provision strictly limiting corporate action to decisions taken by a majority of the board — which by agreement of the parties was weighted equally between the two factions. Thus, what the parties could have accomplished by way of contract among themselves, they chose instead to accomplish through the structure of the corporation itself. As such, the requirement of mutuality became a part of the corporate purpose.
Where the directors and/or stockholders of a corporation have acted in a manner wholly consistent with the very purpose for which the corporation was created, it follows, by so doing, they could not have "balked" a corporate purpose or breached their fiduciary duty. Thus, the instant case is easily distinguishable from Morad v. Coupounas, supra, cited by Appellants in support of their position. In that case, corporate officers and directors of one medical laboratory incorporated a second competing medical laboratory on which they also served as officers and directors. The Court found the defendants had breached their fiduciary duty to the first corporation by forming the second. Though both corporations were profitable, the evidence was that the two competed with one another and that one of the purposes of the first corporation — to expand into new areas *Page 1254 
— had been thwarted by the formation of the second corporation.
It is true that here, as in Morad, the corporate directors/stockholders have secured a personal advantage by their acts; but here, unlike in Morad, the actions of the directors/stockholders were fully consonant with the purpose of the corporation. Nor can it be said that the Hayeses were guilty of "seizing a corporate opportunity" because they refused to convey land in 1975 at 1971 prices. The Hayeses have merely retained the land which was always theirs and which they never contracted to convey unconditionally to the corporation.
Appellants' second contention, that the Hayeses acted in bad faith, is similarly without merit. It is alleged the agreement among the parties contemplated development by the corporation of the entire acreage referred to in the 1971 contract. At most, the contract contemplated the probable development of the entire tract by the corporation. Appellants do not contend they lost money as a result of their association with the Hayeses, or that the development of the remainder of the tract is necessary before they will realize a profit as a result of their contract with Appellees. To the contrary, it is conceded the relationship was mutually profitable to both factions up until the time of their dispute. Appellants merely wish to extend the relationship beyond the point of mutual benefit which, as found by the trial Court, is contrary to the express intent of the parties when they formed their agreement and entered into their corporate relationship.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.